## GRAY v. COAN.

1. **Equity:** ADEQUATE REMEDY AT LAW : PRACTICE. That the plaintiff in an equitable action has an adequate remedy at law, or by special proceeding under statute, is not a good ground of demurrer. The appropriate remedy is to have the action changed into the proper proceeding.

2. —— PROCEEDINGS PROPERLY IN EQUITY. A proceeding in which it is sought to have certain deeds cancelled and declared null and void for the reason that certain facts exist, not appearing upon the

deeds themselves, which render them so, is properly brought in equity.

3. ―― CAUSE OF ACTION. A petition in equity to set aside a tax deed, which alleges that plaintiff was the owner of certain real estate at the time of the sale thereof for taxes, and still continues to be ; that she had redeemed from all the sales, and paid all the taxes due, and that notwithstanding these facts defendant had in some manner obtained a tax deed, states facts sufficient to constitute a cause of action.

4. Pleading : CONSTRUCTION OF. Under our statute (Rev. § 2951) the rule that in the construction of a pleading its language shall be taken most strongly against the pleader, no longer obtains ; but in determining its effect it shall be liberally construed with a view to substantive justice between the parties.

*Appeal from Clinton District Court.*

TUESDAY, DECEMBER 10.

ACTION in equity to set aside a tax deed.  The plaintiff is a married woman, and the original petition was filed in her name, by her husband as next friend, and her husband was also joined as co-plaintiff.  To this petition the defendant demurred on the ground of improper joinder of parties and for various other causes.  This demurrer was sustained, and the plaintiff had leave to and did amend her petition, making herself sole plaintiff, and in other particulars.  The defendant then demurred to the petition as amended, which demurrer was also sustained, and the petition dismissed.  The plaintiff appeals.

*Daniel Gray*, for the appellant.

This action is properly brought in equity.

1. The law for the redemption of lands sold for taxes is equitable in its provisions, and ought to receive a liberal interpretation. *Burton* v. *Hintrager*, April, 1865 ; Session Laws of 1866, 133, §§ 1, 2 ; Blackwell on Tax Titles (1st

ed.) 503, 573; Ohio, 301; *Adams* v. *Beal*, 19 Iowa, 53; *Bacon* v. *Conn.*, 1 S. & M. Ch. 348.

2. Before the adoption of the Code, courts of equity had exclusive jurisdiction in tax title cases, and this rule is retained by the Code. Code, 442, 443, § 2611; Session Laws of 1866, 133, §§ 1, 2; Black. on Tax Title, 571, 573, 574; *Douglas* v. *Daugerbild*, 10 Ohio, 152; *Yancy* v. *Hopkins*, 1 Munf. 419; *Van Dorn* v. *Mayor & Council of N. Y.*, 9 Paige Ch. 389.

3. The petition shows: First, a tax sale of the lots in question. Second, that the plaintiff " owned " the lots at the time of the sales. Third, a redemption from said sales in 1864 and 1865. Fourth, the defendant's deeds on tax sales given and recorded in May, 1866, notwithstanding such redemption. Fifth, that the defendant's deeds are a cloud on the plaintiff's title, and are null and void. Sixth, that the defendant be restrained, etc. Seventh, a prayer that said deeds be canceled of record, and for other relief, all of which are matters of exclusive equity jurisdiction. 4 Kent Com. (ed. of 1836) 163, 164; Black. on Tax Titles, 564, 573. Eighth, where a deed, fair upon its face, requires " extrinsic facts " to show it void — as a tax sale and redemptions therefrom — a court of equity may interfere and set aside the deed. Blackwell on Tax Titles (1st ed.) 572, 564; *Van Dorn* v. *Mayor of N. Y.*, 9 Paige Ch. 389.

2. The petition states facts sufficient to constitute a cause of action, and the petition states nothing that avoids the cause of action.

3. The title of the lots in question is in the plaintiff. First, the defendant does not deny any thing alleged in the plaintiff's petition, and therefore admits it, including certificates of redemption. Code, 531, § 2917; Id. 546, § 2967. Second, the clerk's certificate of redemption is *prima facie* evidence of the plaintiff's right to redeem,

and that the "proper amount was paid" (Code, 123, § 780), and that the plaintiff paid all that the clerk demanded (*Byington* v. *Bradley*, 11 Iowa, 78; *Taylor* v. *State*, 1 A. B. Mar. 316; Black. on Tax Titles [1st ed.] 508); and the clerk acts not merely *de facto*, but *de jure* (Code, 25, § 786; 123, § 780). Third, there can be no presumption in favor of the acts of officers in order to sustain a tax title. *Scott* v. *Babcock*, 3 Gr. 133; *Gaylord* v. *Scarff*, 6 Iowa, 179; Blackwell on Tax Titles (1st ed.) 603.

4. The tax sales of 1863 and 1864, made subsequent to the defendant's purchase of 1862, disposed of all the contingent and inchoate rights of the defendant in said lots. First, the defendant neglected to pay the taxes accruing on said lots after his purchase of 1862, and allowed the lots to be sold again in 1863 and 1864. Second, the taxes accruing subsequent to the defendant's purchase, became liens on the lots and on the sales thereon in 1863 and 1864. The defendant's entire interest, acquired under any former sale, was disposed of. Session Laws of 1862, 126, § 1; Blackwell on Tax Titles (1st ed.) 631–643. Taxable property in lands includes every species of title inchoate or complete. Per WRIGHT, J. *Stockdale* v. *The Treasurer of Webster Co.*, 12 Iowa, 536, 537. If the defendant had been the purchaser at the subsequent tax sales of 1863 and 1864, the right of the plaintiff to redeem would have been the same. *Anson* v. *Anson et al.*, 20 Iowa, 56. Third, the defendant's deeds bear date in May, 1866, a little over three years after the sale of 1862, and less than three years after the sale of 1863. The defendant, therefore, makes no claims under the sale of 1863 and 1864; but the statute gave the defendant the right to protect his inchoate and contingent rights by paying the subsequent tax of 1863 and 1864. Sess. Laws of 1863, p. 226, § 13.

But the redemption in this case puts an end to the whole question, whether the defendant did or did not pay all the taxes accruing subsequent to his purchase. Sess. Laws of 1862, p. 226, § 13. The defendant's deeds are void because the lots have been redeemed. Code, p. 124, §§ 783, 785, sub. 3.

5. The whole and not the smallest part of said lots were sold for taxes — which appears on the face of the treasurer's deeds; and therefore the deeds are void. Code, p. 120, § 766; *Penn* v. *Chearans*, 19 Iowa, 373; *Boardman* v. *Bowen*, 20 Id. 134. Where a tax deed shows upon its face that several tracts of land were sold together for a gross sum in clear violation of the statute, it conveys no title. *Boardman* v. *Bowen*, 20 Iowa, 134.

*Baker & Hayes* for the appellee.

1. When an amended petition is filed, the original one is substantially waived and out of the case, and whatever issues are made in the case, either of law or fact, are made alone upon the amended petition, and the pleadings subsequent to it. *Brenner* v. *Gundershiemer*, 14 Iowa, 82; *Sands* v. *Calkins*, 30 How. Pr. 1; *Seneca Co. Bank* v. *Garlinghouse*, 4 Id. 174; *The Eliz. Manuf. Co.* v. *Campbell*, 13 Abbt. 86; *Skinner* v. *Hutton*, 33 Mo. 244.

2. This action being in reference to the separate property of Eunice N. Gray, a married woman, it is clear that she *can* bring it in her own name, without either next friend or husband being joined as plaintiffs with her. Rev. 1860, § 2771; *Kramer* v. *Conger*, 16 Iowa, 434; *Logan* v. *Hall*, 19 Iowa, 496.

The question then arises, *must* she do so? We submit that she must, for the following reasons, and that if she does not, the action is demurrable: First, if not, there is a defect of parties. Rev. 1860, § 2876, sub. 4. Second, the

action would not be in the name of the real parties in interest. Rev. 1860, § 2757. Third, there would not be facts sufficient for a recovery stated, that is, for a joint recovery by both. Rev. 1860, § 2876. Fourth, the action would not be brought in accordance with law upon second and third grounds of the first demurrer. Rev. 1860, § 2771; *Walwrath* v. *Handy*, 24 How. 353; *Baggot* v. *Boulger*, 2 Duer, 389; *Mann* v. *Marsh*, 21 How. 372; *Mann* v. *Marsh*, 35 Barb. 68; *Rhoads* v. *Booth*, 14 Iowa, 575; *Dunderale* v. *Grymes*, 16 How. 195; *Barstow* v. *Draper*, 5 Duer, 130; *Porter* v. *Mount*, 45 Barb. 422; *Palmer* v. *Davis*, 28 N. Y. 242; *Claffin* v. *Van Wagoner*, 32 Mo. 252.

This rule is said to be of especial force in cases where husband and wife are plaintiffs, because they cannot have separate judgments. *Dunderale* v. *Grymes*, 16 How. 195; *Barstow* v. *Draper*, 5 Duer, 130; *Mann* v. *Marsh*, 35 Barb. 68.

In some of the early cases decided under the New York Code, it was held that in such cases the husband *might* join as plaintiff, but need not; but these cases are now entirely overthrown, the late cases holding that the husband *cannot* be a party. *Palmer* v. *Davis*, 28 N. Y. 242; *Ackley* v. *Tarbox*, 29 Barb. 512.

In this State, it appears to be decided that a demurrer cannot be sustained on the ground of a defect of parties, when the fault is in having too many parties; but we do not understand this to decide the question as made by some of the New York cases, on the ground of not stating sufficient facts. *Beckwith* v. *Dargets*, 18 Iowa, 333.

3. In reference to the question that the court has no jurisdiction of the subject of the action, the remedy, if any, being at law, we submit, that although a demurrer will not reach a case, where any case is made, simply because it is in equity, when it should be at law, or *vice versa*, that

it will do so when it would not be a good case if trans-
ferred. In other words, the case will not be transferred
to one side or the other to be there amended into a good
case, from the fact that it may be presumed from what is
stated in petition, that the remedy, if any case can be made
out, is there. The amendment spoken of in the Revision,
section 2613, means changing the terms and address, so
as to make the case, already made by the pleading in
equity or at law, as the case may be, and does not mean
a general amendment of the case, so as to make a case on
the one side or the other. *Savery* v. *Browning*, 18 Iowa,
246; *Holmes* v. *Clark*, 10 Id. 423; *Lansdale* v. *Mitchell*,
14 B. Mon. 348; *New York Ice Company* v. *North-
western Insurance Company*, 23 N. Y. 359; *Genet* v.
*Howland*, 45 Barb. 568; *Emery* v. *Pease*, 20 N. Y. 62;
*Gamble* v. *Loop*, 14 Wis. 465; *Conyngham* v. *Smith*, 16
Iowa, 471; *Roberts* v. *Taliaferro*, 7 Id. 110.

4. There is no jurisdiction in equity, because: first, there
is an adequate remedy, if any can be supposed from the
facts stated, at law, as stated in first part of the demurrer,
and if so, there is no jurisdiction in equity. *Sanger* v.
*Finch*, 27 Ill. 346; *Blackwood* v. *Van Vleet*, 11 Mich. 252;
*Clausen* v. *Lafrenz*, 4 G. Greene, 224; *Janney* v. *Sped-
den*, 38 Mo. 395; *Patterson* v. *McCamant*, 28 Id. 210;
*Marmaduke* v. *H. & St. J. R. R.*, 30 Id. 545; 1 Western
Jurist, 23.

The fact that courts of equity once had jurisdiction
does not change this rule when there is an adequate
remedy at law, even if given by statute. *The People* v.
*Wayne County Circuit Court*, 11 Mich. 393; *Scott* v.
*Onderdonk*, 14 N. Y. 1.

This is held to be especially so when there is a statute
allowing a person in possession to bring suit to test title, as
in case of Revision, section 3602; *Scott* v. *Onderdonk*, 14
N. Y. 1; *Hotchkiss* v. *Elting*, 36 Barb. 38.

Second, the tax deed being, as stated in the petition, "null and void," as it undoubtedly is, upon its face, if part 7 of the petition is true, there is no cloud upon the title and so no equitable jurisdiction on that ground. It is not stated to be voidable simply, but "null and void." *Hotchkiss* v. *Elting*, 36 Barb. 38; *Cox* v. *Clift*, 3 Id. 481; *Cox* v. *Clift*, 2 N. Y. 118; *Piersol* v. *Elliott*, 6 Peters, 95; *Van Doren* v. *The Mayor, etc.*, 9 Paige, 387; *Fleetwood* v. *New York*, 2 Sandf. 475; *Head* v. *James*, 13 Wis. 641; *Moore* v. *Cord*, 14 Wis. 213; *Weller* v. *St. Paul*, 5 Minn. 95; *Gamble* v. *Loop*, 14 Wis. 465; *Tisdale* v. *Jones*, 38 Barb. 527; *Livingston* v. *Hollenbeck*, 4 Id. 1; *Van Rensselaer* v. *Kidd*, Id. 17; *Janney* v. *Spedden*, 38 Mo. 395.

5. There is no jurisdiction at law, because : First, a court of law could grant no such relief as is asked in any case. The prayer for general relief does not change this, as the relief wanted must be asked for. Rev. 1860, § 2875, sub. 4; *Gwynn* v. *Turner*, 18 Iowa, 1. This rule is not changed by section 3133 of the Revision, unless there is an answer. Voorhies' Code (8th ed.), 513. Second, the action cannot be turned into one for the recovery of the land, as it does not state that the defendant is in possession, or into an action to make defendant test title, as it does not state that the plaintiff is in possession, or that defendant makes any claim to the land, and if his tax deed is "null and void," it certainly will not be presumed that he does make any claim. Rev. 1860, § 3602; *Gamble* v. *Loop*, 14 *Wis.* 465; *Boyce* v. *Brown*, 7 Barb. 80; *Lewis* v. *Kendall*, 6 Howard, 59; *Sayles* v. *Wooden*, 6 Id. 84.

The fact that the plaintiff is a married woman gives her no greater right of redemption than if she were not a married woman, the law of 1862 having taken away the previous different right on that ground. That law

controls if the sale, as in this case, was after the law came into effect. *Myers* v. *Copeland*, 20 Iowa, 23; *Adams* v. *Beale*, 19 Id. 61.

COLE, J. — The averments of the petition are, that the plaintiff owns in fee simple the real estate (lots in Clinton) embraced in the tax deed to defendant, and that she so owned the same at the several times of the sales for taxes as set forth; that said plaintiff was a married woman prior to the seventh day of October, 1861, and has been ever since; that said real estate was sold for taxes in 1861, 1863 and 1864; that after said sales the plaintiff redeemed said real estate from all taxes then due thereon by paying to the clerk the proper amount; that the plaintiff had the right to so redeem said lots, and that all taxes on said real estate have been duly paid by plaintiff to the present time. It is further averred that in the month of May, 1866, in some way or manner unknown to plaintiff, the defendant obtained tax deeds for said lots and had the same recorded; that said deeds were made after said lots were redeemed; that said deeds were null and void and are a cloud upon plaintiff's title and a serious injury to her rights; that at the time of the sales for taxes, the treasurer did not offer the smallest portion for the taxes due, but sold the entire lots; that plaintiff had no knowledge of the claim of said defendant, or that any taxes were unpaid or the lots unredeemed, until the tax deeds were recorded. The petition concludes with a prayer to have the tax deeds declared null and void, and canceled; that defendant be enjoined from asserting any title under the same, and for all other proper relief, etc.

The defendant demurred, because: First, the court had no jurisdiction of the subject of the action, in that plaintiff's remedy was not in equity, but at law, or by suit to recover possession, or by suit to compel defendant

Gray v. Coan.

to bring an action to try title, etc.  Second, the petition does not state facts sufficient to constitute a cause of action.  Third, the petition states facts which avoid the cause of action.

That the plaintiff has brought an action in equity, when she had an adequate remedy at law, or by a special 1. EQUITY: proceeding under a statute, is not a good adequate remedy at law: cause of demurrer, under our system of prac- practice. tice, has been several times determined by this court.  *Conyngham* v. *Smith*, 16 Iowa, 471; *Savery* v. *Browning*, 18 Id. 246; *McDole* v. *Purdy*, at present term.  The appropriate remedy to a defendant for such an error by a plaintiff, is to have the action changed into the proper proceeding.  *Holmes* v. *Clark*, 10 Iowa, 423.•

But the petition in this case, which seeks to have cer- tain deeds canceled and held null and void, for the reason 2. —— proceed- that certain facts exist making them null and ings: property in equity. void, which facts do not appear upon the deeds themselves, is very properly brought on the equity side of the court.  *Van Doren* v. *New York*, 9 Paige Ch. 388; Black on Tax Titles (1st ed.) 571, 572 and 573, and authorities cited.

A fair construction of the language of the petition shows sufficient to constitute a cause of action.  It shows 3. —— cause of that the plaintiff was the owner of the real action. estate at the times of the several sales, and still continued to be such owner; that she had redeemed from all the sales and had paid all taxes due, and that notwithstanding these facts, defendant had in some man- ner obtained a tax deed.  If it be true, as stated in defendant's brief, that the defendant claims title under a sale made at a different time from any mentioned in plaintiff's petition, that fact can only be made available by affirmative pleading on his part; it cannot be reached by demurrer.

The only statement of the petition tending to sustain the claim that it states facts which avoids the cause of action, is the statement above set out; that plaintiff had no knowledge of the claims of said defendant, or that any taxes were unpaid, or the lots not redeemed, *until* the tax deeds were recorded. This language construed most strongly against the plaintiff, might possibly be made to mean that plaintiff did know after the tax deeds were recorded that some taxes were unpaid and that the lots were not redeemed. But this rule of construction does not obtain under our statute. In the construction of the pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantive justice between the parties. Rev. § 2951. Applying this rule to the plaintiff's petition, it does state a cause of equitable action and does not avoid the same.

