McClurg, *Appellant*, v. Turner.

74    45
d155 424

**Dower:** MANSION HOUSE. A widow cannot claim as the mansion house of her deceased husband a house which he did not occupy at the time of his death. See R. S. 1879, § 2205.

*Appeal from Webster Circuit Court.*—Hon. R. W. Fyan, Judge.

Reversed.

*Smith & Krauthoff* for appellant, cited 1 Bishop Mar. Wom., §§ 349, 352, 353; 6 Ala. 873; *Hoots v. Graham*, 23 Ill. 81; *Smith v. Smith*, 13 Ala. 329; *Sharpley v. Jones*, 5 Harr. 373; *Moore v. Gilliam*, 5 Mumf. 346; *Collins v. Warren*, 29 Mo. 236; *Spencer v. Weston*, 1 Dev. & Bat. 214; *Grimes v. Wilson*, 4 Blackf. 331.

*Rush & Mitchell* for respondent.

Henry, J.—This is an action of ejectment, to recover possession of the northeast quarter and the northwest quarter of southwest quarter, and the southeast quarter of northwest quarter of section 18, township 29, range 19, lying in Webster county. The petition was in the common form, and the answer a general denial, a plea of the statute of limitations, and also that Denny Turner, in his lifetime, was seized in fee of the premises in controversy, and while so seized, intermarried with the defendant, Elizabeth; that the mansion house of her said husband, and messuages thereunto belonging, are situate upon said land, and that her dower therein, to which she is entitled, has not been assigned to her, and that she is entitled to hold the same, free of rent, until dower shall be assigned. The replication was a denial of the matter specially alleged. Defendants obtained a judgment, from which plaintiff has appealed.

Plaintiff claims under a sheriff's deed of September 22nd, 1865, conveying the premises to him, reciting a

judgment against Denny Turner, the issuance of a special *fi. fa.* against the land, a levy upon and sale of the same to McClurg; and this, with testimony showing the value of the monthly rents and profits, was all the evidence he introduced.

For defendants, the evidence was to the effect, that Denny Turner and wife went on the land in 1840 or 1841; and Wm. Turner, their son, testified that his parents claimed it as their home ever after; that the widow's dower had not been assigned, and that she had lived upon and been in possession of the land since 1868. Denny Turner went to Arkansas in 1862, and returned to this place the same year. In his absence the house was burned down, and Denny Turner and his family moved to Arkansas, where they resided one year, and then went to, and resided in, Texas one year, and then returned to Missouri. Denny Turner died in 1866. After he went to Arkansas the second time, in 1862, neither he nor his family resided on the premises in question. He resided near Marshfield on what was known as the Burford place, where he died, and the land in controversy was then in the possession of one Coleman, who claimed to own it. After Denny Turner's death his widow went to Texas and remained two years. She returned again to Missouri, and in 1868 purchased the land in question of Coleman, and has been in possession of it ever since. This suit was instituted in 1875, so that the time necessary to create a bar under the statute, had not then elapsed.

With respect to the other questions, section 21, page 522, General Statutes 1865, provides that: "Until dower be assigned, the widow may remain in and enjoy the mansion house of her husband, and the messuages or plantation thereto belonging, without being liable to pay any rent for the same." R. S., § 2205. The language of the section implies the occupancy of the premises by the husband at his death. "Until dower be assigned, the widow may remain in," etc. This language would be wholly inapplica-

ble to a possession and occupancy of the premises by the widow, which commenced after the husband's death. It is not a dower right, but a right given by the statute to one who has a dower right. The possession she is entitled to under section 2205 is of the mansion house of her husband and plantation, until her dower be assigned, which may be a smaller quantity. That defendant, Mrs. Turner, has a dower right in the land is not sufficient to defeat plaintiff's right to recover. *Weaver v. Crenshaw*, 6 Ala. 873; 13 Ala. 334; Scribner on Dow., 31, 32. And she can only defend her possession under section 2205 by bringing herself within its terms. Her husband was living on the Burford place when he died in 1866, and had not resided on the land in question since 1862. When he died, the land was in the possession of Coleman, who was claiming it adversely to Turner, and the possession of Mrs. Turner was under her purchase from Coleman after her husband's death. On what principle is the house on this land, erected after Denny Turner died, to be regarded as his mansion house? Without copying into this opinion the instructions asked by defendant and refused by the court, it is sufficient to say, that the case was evidently tried and determined on a theory in every respect in conflict with the views herein expressed, and the judgment is reversed and the cause remanded, to be proceeded with in conformity with this opinion. All concur.