# SUPREME COURT

——OF THE——

## STATE OF ARKANSAS

——AT THE——

### NOVEMBER TERM, 1885.

---

### DAVENPORT V. DEVENAUX.

1. HOMESTEAD: *Widow's, under Constitution of 1868.*
   The homestead acquired by the widow from her deceased husband during the life of the Constitution of 1868, continued only so long as she had no home of her own.

2. DOWER: *Actual possession by widow.*
   A widow may hold possession of the homestead of her deceased husband, by an agent or tenant in possession, until her dower be assigned to her. Their possession is hers, and will support her action for damages for a wrongful act which lessens her enjoyment, or impedes her in the legitimate use, of the premises, though it be an injury to the freehold and permanent.

3. TRESPASS: *On what title maintainable.*
   It is not necessary that the plaintiff should have the absolute title to land, to maintain an action for an injury to it. Possession, alone, may be sufficient.

APPEAL from *Washington* Circuit Court.

Hon. J. M. PITTMAN, Circuit Judge.

Davenport v. Devenaux.

*L. Gregg* for Appellant.

One who has not the title in fee, but who has the rightful control, use and profits of real property, can, without being in actual possession, maintain trespass against one who without right wrongfully · damages the same. Actual residence is not necessary. *Thompson Home & Ex., Sec. 241; 10 Ark., 16; 3 A. K. Marsh, 331; 26 Kan., 269; 7 Id., 303; 27 Id., 348; 53 Vt., 643; 25 Penn. St., 139; 5 Binney, Pa., 288.*

While it may be true that the injury was to the *freehold*, and that the heir could sue, it does not follow that the tenant cannot also sue for the injury to her estate. *11 Mo. App., 286; 8 Peck., 235; 54 Wis., 630; 61 Mo., 175; 50 Id., 369; 34 Id., 417; 1 Tex., 312; 10 Id., 464; 1 Mo., App., 535; 14 Wend., 239; 3 S. & R., 514; 11 Johns., 386.*

One performing either public or private work, who, by his negligent, careless, or reckless execution of the work, injures another in person or property, is liable. *12 B. Mon., 442; 5 Mon., Ky., 5; 127 Mass., 484.* See also, *Gr. Ev., Vol 2, Secs. 616, 618.*

*B. R. Davidson* for Appellee.

The act of blasting by a railroad company, upon its own right of way, is a lawful act. *3 Metc., 380; 52 Me., 209.* The act being lawful, omission or want of care will not render a lawful act *trespass* by relation. *25 Vt., 371.*

Appellant alleged in her complaint that she was the owner and possessed of the land. This was equivalent to an allegation of seizure in fee. *38 Cal., 217.* Issue was joined on this, and she only proved that she was, as widow, entitled to remain on and possess the land until dower assigned, " which is a mere potential interest amounting to nothing more than a mere chose

in action." *11 Ark., 214.* The widow must "remain and possess" the land in order that dower may be assigned her. *Gantt's Digest, 2226–7.*

Not owning the fee, nor being in actual occupancy or possession, she cannot maintain this suit.

If damage was done, the *heir*, and not the widow, is entitled to sue. *61 Me., 298; 78 N. Y., 325; 92 Ill., 223; 4 Cush., 467; Pierce on Railways, pp. 185, 146.* The compensation must be paid the true owner, who must aver and prove title. *Pierce R'ys, 146; 6 Wis., 636.*

The heir at least should have joined in the action, or he might sue and recover the same damages over again.

COCKRILL, C. J. The appellant's husband died in possession of a lot in the town of Fayetteville, in 1869. It was the family homestead at that time, and the appellant continued to reside there for a little more than a year after her husband's death, when she removed to another residence, in the same town, which she owned in her own right, and has ever since made that her home. Her dower never having been assigned to her, she has retained the exclusive control of the residence of her deceased husband, renting it and treating it always as her own. In 1881 a railroad company procured a right of way across the lot, by purchase from the widow and the heir, and soon after the appellee, under a contract with the company to that end, proceeded to excavate a road-bed through the lot. In blasting for that purpose his servants negligently threw heavy stones against the old homestead and another house, on the same premises, which the appellant was causing to be erected, damaging both houses. For this injury the appellant brought suit. The case was tried by the court, without a jury, and the law was declared to be that the widow not being in the actual oc-

*1. HOMESTEAD: Widow's, under constitution of 1868.*

cupancy of the land, and not having title thereto, could not maintain the action. Judgment was accordingly rendered for the defendant. Our only inquiry is as to the correctness of the court's ruling.

The appellant had no claim upon the premises as a homestead. The law in force when her husband died, and by which her rights are determined, extended the homestead privilege to the widow only so long as she had no home of her own. *Art. 12, Sec. 4, Const. 1868.*

2. DOWER: Actual possession by widow.

Her right, however, to the possession of the chief dwelling-house of her late husband, until her dower is laid off and assigned, is not open to question. *Mansf. Rev. St., Sec. 2587–8; Padgett v. Norman, 44 Ark., 490; Trimble v. James, 40 Ib., 393; Mock v. Pleasants, 34 Ib., 63.*

The ruling of the circuit court was that this possession must be by actual occupancy.

If dower is not allotted to her within two months after her husband's death, in the language of the statute, "She shall remain and possess the chief dwelling-house of her late husband," until it is laid off and assigned to her. The expression "she shall remain" has reference only to the connection intended to be kept up between her right of possession and the title of her husband. *McClung v. Turner, 74 Mo., 45; Gorham v. Daniels, 23 Vt., 600.* It implies that the husband was in possession at his death; and, the wife having been in joint possession, as it were, with him, the meaning of the statute is that the right of possession, upon his death, shall remain or continue in her. To require her to remain in person on the premises would defeat the humane object of the statute in many instances. It was accordingly held in *Carnall v. Wilson, 21 Ark., 62,* that she might hold her possession through an agent or tenant, his possession being regarded as hers. See too, *2 Scrib. on Dow., 64;*

*Bevnagh v. Turrentine, 60 Ala., 557; Burk's heirs v. Osborn, 9 B. Mon., 579; McReynolds v. Counts, 9 Gratt., 242; Clark v. Burnside, 15 Ill., 62; Jones v. Jones, 81 Md., 292.*

She may enjoy the privilege during her life, unless it is defeated by the heir or other person holding the duty to allot her dower, (*4 Kent Com., 62*), and it follows that a recovery of damages may be had by her for a wrongful act which lessens her enjoyment, or impedes her in the legitimate use of the premises. It is not necessary that the plaintiff should have the absolute title in order to recover for an injury to real estate. Possession alone may be sufficient for that purpose. *2 Sanders Pl. & Ev., part 2, 1126 et seq.; McKinney v. Demby, 44 Ark., 74.*

3. TRESPASS: On what title maintainable.

In this case the widow could have no recovery except for an injury affecting her own right. The recovery is limited to the damage suffered by the person seeking to recover, but the right to redress, to this extent, against a wrong-doer is as complete as though she owned the fee to the soil. *Gilbert v. Kennedy, 22 Mich., 5; Foster v. Elliott, 33 Iowa, 216; Cooley Torts, 326.*

It is no objection to this right of recovery that the injury is to the freehold and permanent. It is the rule that the same wrongful act may support an action by the tenant and reversioner at the same time. *Sanders, sup.; Cooley, sup.; Bentonville R'y Co. v. Baker, ante.* The destruction of buildings is the very instance of this cited by the text writers. The fact that the heir in this case has not complained of the injury done to his interest cannot preclude the appellant from recovering for the damage done to hers.

The court erred in declaring the law applicable to the case, and the judgment must be reversed and the case remanded for further proceedings.