KATIE LAMPMAN v. ANTON BRUNING, Appellant.

**Seduction:** PLEADINGS: SUFFICIENCY OF PETITION. The rule that when the construction of a pleading is doubtful, after giving the language a reasonable intendment, it should be resolved against the pleader, is not to be applied except upon a motion or demurrer attacking the pleading. After issue is joined the pleadings will be liberally construed.

**Previous Chaste Character:** ALLEGATION OF: OBJECTION TO. In an action for seduction, where the defendant does not, before the trial, object to an allegation of the petition that plaintiff was of chaste character "on or about" the day she

was seduced, as insufficient to raise the question of previous chastity and authorize a recovery for loss of character, he cannot complain thereof on appeal.

**Loss of Time:** VALUE OF. In an action for seduction, where the only evidence of the value of her time lost is that of plaintiff, which shows her avocation to have been a teacher at a salary of from $30 to $34 per month, her damage in this respect is what she could earn as a teacher.

**Medical Attendance:** ALLOWANCE FOR. In an action for seduction, where plaintiff testifies that the doctor's bill was a certain sum, which has not been paid, she is entitled to an allowance, and the reasonableness of the sum may be left to the jury.

**Consideration of Instructions by Jury.** A direction to the jury to consider each instruction in the light of, and in harmony with every other instruction given, is commended, and is not subject to the criticism that it is liable to confuse.

*Appeal from Carroll District Court.*—HON. Z. A. CHURCH, Judge.

SATURDAY, APRIL 11, 1903.

ACTION for seduction. Verdict against defendant, upon which judgment was entered, and he appeals.—*Affirmed.*

*Salinger & Korte* for appellant.

*F. M. Davenport* and *W. H. Beach* for appellee.

LADD, J.—The petition alleges that plaintiff was, "on or about the 20th day of January, A. D. 1898, an unmarried woman of chaste character; * * * that on or about said 20th day of January, 1898, the said defendant, with artifice, persuasion, and entreaties, and under promise of marriage, did seduce, debauch, and carnally know the plaintiff, and as a result of sexual intercourse the plaintiff was, on or about the 29th day of September, A. D. 1898, delivered of a female child."

Under these allegations the question of her previous chastity was submitted to the jury, and, upon an affirmative finding, loss of character authorized to be considered as an

1. PLEADINGS: element of damages.  Appellant insists that sufficiency of petition. the allegations were insufficient to raise the issue, for, as he contends, plaintiff might have been both chaste and unchaste within the period described as "on or about January 20, 1898." It may be conceded that, under the statute defining seduction, "previous chastity" means up to and at the very time of seduction (*State v. Gunagy*, 81 Iowa, 177), and also, because of the strictness and accuracy exacted in the averments of an indictment, that the above allegations might be too indefinite to charge the criminal offense.  In an early Minnesota case, the court went so far as to say that an averment of chastity previous to the day on which the seduction was definitely alleged to have occurred was insufficient, for, "though chaste at all times previous to the eleventh day of May, she may on that day, and before the alleged seduction, have become unchaste."  Whether the possibility of so improbable a situation should be given weight, even in construing an indictment, we shall not stop to determine.  Certain it is no such nicety and strictness should be injected into the civil practice, otherwise many evils of the former system would linger to vex, annoy, and impede the administration of justice.  The rule that nothing may be taken by intendment in construing an indictment has no application to pleadings in civil actions.  The true meaning of the pleader is to be ascertained from a fair construction of the language employed, and this accepted.  The rule that when "the construction is doubtful, after giving to the language a reasonable intendment," as laid down in *J. Thompson & Sons Mfg. Co. v. Perkins & Sons*, 97 Iowa, 607, it should be resolved against the pleader, is not to be applied save when the attack is by motion or demurrer. It is not then adopted because a feature of common-law

pleading, but as an aid in securing definiteness and precision in the settlement of issues. "The rules by which their sufficiency are to be determined are those prescribed by the Code." Code, section 3557.

After issue is joined on the merits, notwithstanding section 2951 of the Revision of 1860. is not found in the Code, the pleadings will be liberally construed, with a view to effectuating substantial justice between the parties. *Gray v. Coan*, 23 Iowa, 344; *Foster v. Elliott*, 33 Iowa, 216. Especially is this true after trial, for "an error or defect in the proceeding which does not affect the substantial rights of the adverse party" is to be disregarded (Code, section 3601) even though such errors are in the pleadings. *Coates v. Davenport*, 9 Iowa, 227; *Doniphan v. Street*, 17 Iowa, 317. While nothing is to be assumed in favor of the pleader unless averred, he is to be accorded the advantage of every reasonable intendment, even to implications necessarily inferred, regardless of technical objections or informalities. *Sell v. Miss. R. Logging Co.*, 88 Wis. 581 (60 N. W. 1065); *Moffat v. Fulton*, 132 N. Y. 507 (30 N. E. Rep. 992); *Kean v. Mitchell*, 13 Mich. 207; *Jack v. Weiennett*, 115 Ill. 105 (3 N. E. Rep. 445, 56 Am. Rep. 129); *Ornman v. Mannix*, 17 Colo. 564 (30 Pac. Rep. 1037, 17 L. R. A. 602, 31 Am. St. Rep. 340). See chapter on "Construction of pleadings," 4 Ency. P. & P. 741.

The petition, as we think, fully apprised the defendant that the plaintiff would claim on the trial that she had been chaste at the time of seduction. By answering to the merits, without demanding a more definite statement, and proceeding to trial, he accepted the averment as sufficient, and ought not now be permitted to complain.

*PREVIOUS chaste character: allegation of: objection to.*

II. The court advised the jurors, in estimating the damages to be allowed, to "consider, first, loss of time by plaintiff, the expense incurred for medical attendance while sick and the like; second, physical suffering;

third, the mental anguish, loss of character and social stand-
ing, and sense of shame caused by the seduc-
tion." Appellant contends that, though there
was proof of loss of time, its value was not shown. The
plaintiff's avocation was that of school teacher. She had
taught ten terms at a salary of from $3) to $34 a month,
spending her vacations from May till September at the
home of her parents. She was confined September 29,
1898, being sick twelve days, and, because of resulting ill
health, had been unable to resume her work as teacher.
Whether she had done anything else does not appear. If
it be conceded, however, that, in the absence of some show-
ing that she had been able to do nothing, or what she had
earned since her sickness, before she might recover for
more than the loss of twelve days, the reasonable value of
that time was to be inferred from evidence that but for
her confinement she would likely have been teaching school
and hence the value of the time lost would be what she
would have earned but for her misfortune.

3. Loss of time: value of.

In another respect the instruction is said to be erron-
eous. The only evidence relating to medical attendance
was that of plaintiff, who testified that "Dr. Jensen, of
Arcadia, attended me. His bill was ten dol-
lars. It has not been paid." From this the
obligation to pay was to be inferred, and allowance, with-
out actual payment, permissible. *Varnham v. Council
Bluffs*, 52 Iowa, 698. But appellant says that "what the
doctor charged does not furnish proof of what expense was
reasonable." Such items are rarely the subject of con-
troversy in damage suits, and where the services rendered
are of a nature likely to be familiar to the jury, and the
charge unquestioned, its reasonableness may be safely left
to their determination. As directly in point, see *Flanagan
v. B. & R. Co.*, 83 Iowa, 639. See, also, *Knapp v. Ry.*,
71 Iowa, 41; Watson on Damages for Personal Injuries,
section 530; *Murray v. Missouri P. R. Co.*, 101 Mo. 236

4. MEDICAL attendance: allowance for.

(13 S. W. Rep. 817, 2 Am. St. Rep. 61); *Western Gas Const. Co. v. Danner,* 36 C. C. A. 528 (97 Fed. Rep. 882). In *Bowsher v. Ry.,* 113 Iowa, 16, relied on by appellant, an instruction was held erroneous because authorizing recovery for the amount paid for medical services, in the absence of any · proof of payment, and instead of their reasonable value. The case is not in point.

III. Fault is also found with the eighth instruction, on the ground that the jury might have become confused in attempting to follow it. That it is not subject to this criticism is manifest from reading it. We set it out in order to commend the practice not only of cautioning the jurors of their obligation to follow the instructions of the court, but of guarding them against being misled by giving undue importance to one paragraph of the charge, to the neglect of some other on the same subject:

5. CONSIDER-ation of in-structions by jury,

"You are to try the question in the case submitted to you upon the testimony introduced upon the trial, and upon the law as given you by the court in these instructions. The court, however, has not attempted to embody all the law applicable to this case in any one of these instructions, but in considerating any one instruction you must construe it in the light of and in harmony with every other instruction given, and, so considering and so construing, apply the principles in it enunciated to all the evidence admitted upon the trial."—AFFIRMED.