The Honorable Billy Joe Purdom State Representative Route 1, Box 135B Yellville, Arkansas 72687-9728
Dear Representative Purdom:
This official Attorney General opinion is issued in response to your question regarding leaseholders' authority.
You indicate that Deltic Timber Company has leased some of its land to another party for hunting. This lessee has cabled the logging roads on the leased land, and is prohibiting other people from riding horses on the property. In light of this situation, you have asked:
 Is it legal for a leaseholder to prohibit other people from riding horses on property that is owned by Deltic Timber Company?
Although a conclusive answer as to particular property may require reference to all of the surrounding facts and circumstances, it is my opinion that a leaseholder may, as a general matter, exclude persons from using the leased property for recreational purposes.
As an initial matter, the terms of the lease agreement between Deltic Timber and the lessee must be considered. That agreement may specifically address and answer the question you have raised, by setting forth the rights and privileges of both the lessee and other parties claiming a right to enter upon the property.
The situation will also be impacted by the provisions of A.C.A. §18-11-401 et seq.; A.C.A. § 15-43-101 et seq.; and A.C.A. § 5-39-301 and 304, all of which deal with the posting of property and unlawful entry upon posted property. All of these sets of statutes recognize the right of a lessee or operator of property to prohibit entry thereon. More specifically, A.C.A. § 18-11-403 states:
18-11-403. Unlawful entry upon land-Penalty.
 (a)(1) No person shall enter for recreational purposes upon real property posted pursuant to this subchapter without written permission of the owner or lessee of the real property.
 (2) It shall be unlawful for any person to enter upon any real property posted under the provisions of this subchapter without the written consent of the owner or lessee of the real property.
 (3) Provided, however, it shall be an affirmative defense to prosecution under this subchapter that consent was given by a person holding himself out to be the owner, lessee, or agent of the owner or lessee, of the property.
 (b) Any person who knowingly enters such real property without written consent shall be guilty of a Class B misdemeanor.
A.C.A. § 18-11-403.
The Arkansas Supreme Court interpreted A.C.A. § 18-11-403 in Nelson v.State, 318 Ark. 146, 883 S.W.2d 839 (1994), holding that the legislature clearly intended to include the lessees of hunting rights in the class of persons referred to in the statute as "owner or lessee of the real property." Nelson, 318 Ark. at 153. See also Ops. Att'y Gen. Nos. 89-196; 86-30.
Similarly, A.C.A. § 15-43-101, -102, and -103 provide as follows:
15-43-101. Authority to post lands.
 Any person owning or operating any of the following described lands may provide for posting of the land in the manner provided in 15-43-102 hereof:
(1) Cultivated farm lands, excluding forest lands;
(2) Commercial fish farms;
(3) Private man-made water storage reservoirs;
(4) Fruit orchards or pecan groves;
(5) Fenced or enclosed lands.
15-43-102. Posting procedure.
 (a) Any person owning or operating any of the lands described in 15-43-101 may provide for the "posting" of the lands by causing publication of notice of the posting of the lands, together with a legal description of the lands to be posted, once each week for two (2) consecutive weeks in a newspaper of general circulation in the county in which the lands are situated and by causing signs to be placed at the entry point at each access road to the lands.
 (b) The signs at the entry point of the access roads to lands shall bear the words "NO TRESPASSING" in letters at least four inches (4") high and shall be so placed as to be readily visible to any person approaching the posted lands upon the access road.
 15-43-103. Prohibition on entering posted lands.
 (a) It shall be unlawful for any person to ride, range, hunt, fish, enter upon, or trespass upon the posted lands described in 15-43-101
and 15-43-102.
 (b) Any person violating the provisions of 15-43-101—15-43-103 shall be guilty of a misdemeanor and shall be punished by a fine of not less than five hundred dollars ($500) for a first offense or not less than one thousand five hundred dollars ($1,500) for a second or subsequent offense.
A.C.A. § 15-43-101, -102, -103.
Finally, two sections of the criminal code, A.C.A. § 5-39-301 and -304, may be applicable to your question. They state, respectively:
5-39-301. Riding, ranging, or hunting in enclosure of another.
 If any person shall ride, range, or hunt in the enclosed grounds or posted farmlands of another without the previous consent of the owner or shall pull down or break the fence or leave open the gate of the farm, plantation, or other enclosed ground of another, the offending party shall be guilty of a Class A misdemeanor.
 5-39-304. Notice to cease entering-Further entrance.
 (a) The owner, agent, lessee, or assigns of any lands including farm, timber, or otherwise may notify any person by registered letter, by notice served by any official authorized to serve process, or by personal oral notification to cease any trespass, or to stay off the premises of any property belonging to the owner, his agent, or assigns.
 (b) Notice shall specify the lands by description containing section, township, and range.
 (c) Any person receiving notice shall immediately cease any trespass or entrance upon the described lands of the owner.
 (d) Any further entrance or trespass by the person receiving the notice shall be considered a criminal trespass, and the person shall be deemed guilty of a misdemeanor and upon conviction shall be fined in any sum not less than two hundred and fifty dollars ($250) nor more than five hundred dollars ($500).
A.C.A. § 5-39-301 and -304.
The above-quoted statutes are all consistent with the long-standing rule of common law under which a person in possession of real property had the right to assert a claim of trespass against third parties, despite the fact that the possessor did not actually own the property in question.See, e.g., Nelson v. State, 318 Ark. 146, 883 S.W.2d 839 (1994) (citing the common law rule); Davenport v. Devenaux, 45 Ark. 341 (1885) (applying the common law rule); Huddleston v. Spear, 8 Ark. 406 (1848) (apply the common law rule).
The specific facts of the situation about which you have inquired must be evaluated in light of the lease agreement and the above-cited authorities. Under the terms of the lease agreement, or under the provisions of the quoted statutes (depending on the lessee's compliance therewith), the lessee may, indeed, be in a position to prohibit others from riding horses on the property in question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh