VARNHAM v. THE CITY OF COUNCIL BLUFFS.

1. **Evidence**: PERSONAL INJURIES: DAMAGES. Where in an action to recover for personal injuries it was shown that plaintiff had employed a physician on account of the injuries, who had not been paid, but who was absent from the state, it was held that evidence was admissible to show the reasonable value of the services rendered by him to plaintiff.

2. ——: ——: ——. The fact that the nursing and care rendered necessary by the plaintiff's injuries were furnished gratuitously, by her daughter, would not render it incompetent to show the value of such services as an element of damages.

3. ——: CITIES: DEFECTS IN STREETS. That defects in a street are so notorious as to charge the officers of the city with notice thereof, may be shown by the testimony of any witness who has observed such defects; it is not necessary that he should be a resident of the city.

*Appeal from Pottawattamie Circuit Court.*

MONDAY, DECEMBER 15.

ACTION at law to recover for personal injuries sustained by plaintiff from falling into a pit negligently made and permitted by defendant in a public street in the city. There was a verdict and judgment for $1,100 for plaintiff. Defendant appeals.

*G. A. Holmes* and *Rising, Wright & Baldwin*, for appellant.

*D. C. Bloomer* and *Robert Percival*, for appellee.

BECK, CH. J.—I. We will proceed to discuss the errors insisted upon in argument by defendant's counsel, so far as the condition of the abstract will permit their consideration. The plaintiff stated in her testimony that she employed a physician to attend her during her illness caused by the injuries, and that she had not paid him. It was shown that this physician had removed from the state. Another physician was called at the trial, to prove the value of the services of the physician attending upon plaintiff. This evidence was admitted against objections made

1. EVIDENCE: personal injuries: damages.

by defendant which are repeated in this court, on the ground that it was not shown the attending physician was paid, or claimed or could claim compensation for his services, and under these circumstances it was not competent for another physician to fix his compensation. The objections are not well taken. The evidence shows the employment of the physician; the law will imply a promise to pay the reasonable value of his services. Plaintiff being under obligation to pay for these services she may recover therefor; the indulgence she received from her physician will not defeat her claim against the defendant.

II. It was shown by plaintiff's testimony that she lived with her daughter who, for many weeks while the mother was suffering from the injuries, nursed her and bestowed the care and services demanded by her condition. The daughter was a witness and was asked this question: "What was the service she (plaintiff) has had in attending on her worth?" (referring to services rendered while she was suffering from the injuries). The answer was "three hundred dollars." It is insisted that this answer did not establish the value of the services. It surely did, in the plainest language, give the estimate of the witness, and that was all she was asked to give or could give.

It is also objected that the daughter could not recover, in the absence of an agreement, from the mother for these services, and the testimony was, therefore, incompetent. But it does not follow that plaintiff cannot recover because the services were rendered to her gratuitously. The defendant ought not to profit by the generosity of the daughter, or on account of the relation between the plaintiff and her nurse. The defendant ought to pay the damages sustained by plaintiff. Outlays and services in nursing her are proper elements whereon damages are based.

III. No exceptions were taken to the instructions given to the jury; they cannot, therefore, be the grounds of objections in this court; we are not permitted to consider the errors assigned thereon. We may, however, remark that the instructions appear to us to be correct.

IV. The instructions asked by defendant, with one exception, the fourth, are fully covered by the instructions given. There was no error in refusing to repeat them.

V. The fourth instruction presents the thought that the notoriety of the pit cannot be established without proof that the persons who are shown to have had knowledge of it were citizens of the city. The instruction means this, that defects in a street cannot be shown to be so notorious as to charge the city officers with knowledge thereof, by proof that they were known to any number of travelers, sojourners or persons *not citizens* of the city; such proof to establish notoriety must be confined to the knowledge of citizens. Travelers, sojourners, and persons not citizens, use the streets of a city, and have just the same capacity to observe defects that citizens possess. Surely, the observations of such persons would establish the notoriety of the defects. The instruction is clearly erroneous and was properly refused.

> 3.————: cities: defects in streets.

VI. A motion for a new trial on the ground that the verdict is not supported by the testimony, and is in conflict with the instructions was overruled. This action of the court is made the ground of an objection here. We cannot consider it for the reason that the abstract does not purport to contain all of the evidence. To enable us to determine whether the findings of the jury are in harmony with or supported by the testimony it should *all* be presented to us.

No other questions are before us for consideration. The judgment of the Circuit Court is

AFFIRMED.