AMELIA BERINGER, Appellee, v. DUBUQUE STREET RAILWAY CO., Appellant.

Personal Injury: EVIDENCE: CONFLICT IN: VERDICT. Where 1 there is conflict in the evidence, the verdict of the jury will not be disturbed if it finds support. Evidence in the case considered.

Same:    NEGLIGENCE.    It is not negligence as a matter of law to
2    attempt to leave a street car while in motion, though under
some circumstances it may be contributory negligence.

Instructions:    EVIDENCE.    Various instructions of the trial court
3    considered and under the evidence held to state the law of the
case.

*Appeal from Dubuque District Court.*—HON. FRED O'DON-
NELL, Judge.

THURSDAY, OCTOBER 23, 1902.

ACTION at law to recover damages for personal injuries
received by plaintiff while attempting to alight from a
street car on defendant's line of road.    Trial to a jury.
Verdict and judgment for plaintiff, and defendant ap-
peals.—*Affirmed.*

*Lyon & Lyon* for appellant.

*Matthews & Frantzen* for appellee.

DEEMER, J.—Defendant operates an electric railway
in the city of Dubuque.    One of its lines runs north and
south over what is known as "Rhomburg Avenue."    This
avenue crosses what are known as ":Stafford
and Windsor Avenues" at right angles, Staf-
ford avenue being the next street north of
Windsor.    Decker's corner is at the intersection of Rhom-
burg and Windsor avenues, and on the north side of Wind-
sor avenue.    On the day of the accident in question, de-
fendant was operating a train consisting of a motor car
and a "trailer," or open car attached thereto, from Eagle
Point, near the northern limits of the city, down to and
across Stafford and Windsor avenues, and on into the bus-
iness part of the city.    From Windsor avenue south there
is a steep down grade on Rhomburg avenue, and, while the
evidence shows that the general rule of the company was

1. EVIDENCE:
conflict in:
verdict.

to stop on the farther or south side of street crossings when trains were going south, yet the jury was authorized to find that on account of the grade on Rhomburg avenue, just mentioned, trains frequently, if not usually, stopped on the north side of the street (Windsor avenue), and at or near Decker's corner. On August 17, 1899, plaintiff and her daughters and their children, constituting a party of ten, took the open car or trailer at or near Eagle Point to go to their homes, which were on Windsor avenue, west of its junction with Rhomburg; and while plaintiff was alighting therefrom, some place between Stafford and Windsor avenues, she received the injuries of which she complains. Plaintiff claims that as the train approached Windsor avenue the conductor gave a stop signal, and that in obedience to the signal the car stopped at or near Decker's corner, and that just as she was attempting to alight, and while she had one foot on the ground and the other on the car steps, the employes in char /e of the train caused it to be started without warning, throwing her to the ground, and inflicting severe injuries on her person, from which she has not yet recovered. On the other hand, defendant, says that the train stopped near the middle of the block without signal, and for the sole and only purpose of fixing a defective wire; that plaintiff was neither invited to alight at the place at which she attempted to get off, nor did defendant's employes know she was about to leave the car when they started the train, and that, in any event, plaintiff was guilty of contributory negligence in attempting to leave the car while in motion. These issues were submitted to the jury, which evidently found that plaintiff's version of the affair was the correct one. We are now asked to say that the verdict is without sufficient support in the evidence. This we should not do, in view of the conflict therein. True, the great weight of the evidence shows that the train was stopped a short distance before it reached Decker's corner, and we may, for the

purpose of the case, agree with defendant's counsel that
it was stopped near the middle of the block; yet the jury
was warranted in finding from the evidence that the de-
fendant's conductor knew plaintiff was attempting to
alight from the car, and, while seeing her in that attitude,
caused, or permitted the train to start before she had
safely alighted, and in this manner caused the injuries of
which she complains. This would be sufficient, in law, to
constitute negligence on the part of the company. *Root v.
Railway Co.*, 113 Iowa, 675, and cases cited.

II.   There was a decided conflict in the evidence on
the question as to whether or not the car was in motion
when plaintiff attempted to leave it. In the *Root Case*,
*supra*, we held that it is not negligence, as a
matter of law, for one to attempt to leave a
street car while in motion. Of course, there may be cases
where such conduct would constitute contributory negli-
gence; and in this case the court instructed that, if plain-
tiff attempted to leave the car while in motion, she could
not recover damages. This must be accepted as the law
of the case. But in view of the conflict in the evidence,
we should not interfere with the verdict on this ground.
There is some little conflict in plaintiff's own evidence re-
garding this matter, but, in view of her nonfamiliarity with
our language, the weight and value of her testimony were
for the jury.

2. SAME: neg-
ligence.

III.   Some of the instructions are complained of,—
among others, the first. This was simply a statement of
the issues made by the pleadings. The exact matters in
dispute were fully covered by the charge, and
a reference to the claim made in the petition
that the train was in charge of an inexper-
ienced conductor was not erroneous, in view of the very
full presentation of the exact issues in the subsequent
paragraphs of the charge. The fifth paragraph referred
in general terms to the duty of the defendant as a common

3. SAME: instruc-
tions: evi-
dence.

carrier of passengers, and was not erroneous. The same may be said of the sixth paragraph. The eleventh is also complained of. It is as follows:

"If you find from the evidence that the cars were stopped at or near the middle of the block in question, and that, while the cars were still and not moving, the plaintiff arose and attempted to get off the car; that she stepped on the footboard, and while thus on the footboard she reached to secure a basket; that she was seen by the conductor either when she arose and started to get off the car, or when she was on the footboard reaching for the basket, and that, while thus reaching, the cars started, either by the whistle of the conductor or otherwise, and she was thrown to the ground and injured, and the conductor, seeing her about to get off the car, or on the footboard, as above stated, started the cars, or did nothing to stop the cars or prevent the start of the cars if he saw her attempt to get off before they were started, that she might have time to alight,—this would be negligence on the part of defendant, and, if you find she was free from negligence on her part, then in such case your verdict should be for the plaintiff." There was evidence to support it, and that it announces a correct rule of law has already been decided by this court. *Root v. Railway Co. supra.*

The twelfth, thirteenth, and fourteenth instructions presented defendant's theory of the case, but the jury evidently found it was not supported by the evidence.

Evidence from a doctor as to the value of services, for nursing plaintiff was properly admitted, as he stated that he knew the value of such services.

The court instructed that plaintiff might recover the value of services for care and nursing. There was evidence, as we have seen, that such services were performed, and of their value. But the defendant says that the services were performed by an adult daughter, who made no charges against her mother therefor. The daughter testi-

lied: "Well, of course, I won't charge my mother anything, because she has nothing; but, if I was to do it for a stranger, I would really want $200, and no less. I did that as a daughter would do it for her mother. I don't expect to have my brother pay it." Under such a state of facts, the instruction was proper. *Varnham v. City of Council Bluffs*, 52 Iowa 698. Defendant asked many instructions, each and all of which were refused. In so far as they embodied correct rules of law, they were given by the court in its charge.

Lastly it is argued that the verdict is excessive. It was for $3,000. In view of the character of the injury,—the head or neck of the femur being fractured,—and the evident pain and suffering caused thereby, we are not disposed to interfere.

There is no error in the record, and the judgment is AFFIRMED.