HENRY SCURLOCK v. CITY OF BOONE, Appellant.

Municipal corporations: SIDEWALK ACCIDENT: CONTRIBUTORY NEGLI-
GENCE: INSTRUCTIONS. Plaintiff in this action was tripped and injured by a sound plank in the walk over which she was passing which flew out of its place as her companion stepped on the end of it. It appeared that she had no previous knowledge that the plank was loose or that the walk was in a generally defective condition, and there was no evidence tending to show that her attention was diverted at the time of the injury. *Held,* that a requested instruction that if plaintiff had previous knowledge of the alleged defect it was her duty to keep it in mind and to look for it, unless her attention was diverted, and if she failed to do so she was negligent was properly refused, notwithstanding the testimony of other witnesses to the generally bad condition of the walk in that locality.

Same. Even though the requested charge had been justified by the

evidence its refusal was not error, the court having properly instructed respecting the care required of a pedestrian in passing over a walk known to be defective.

**Same.** There is an implied invitation to the public to use an unbarricaded street or walk, and negligence can not be imputed to one using such a walk, unless he had a knowledge of the dangers incident to its proper use; and mere knowledge of the generally unsafe condition of a walk on the part of one using it with a right to do so is not negligence.

**Personal injury:** DAMAGES: MEDICAL ATTENDANCE. Where the evidence in a personal injury action shows the value of medical services already rendered the injured person, and that such service will be required in the future, the jury may determine from the past service and its value what may reasonably be required in the future, although there is no other evidence of the value of the future services.

**Same:** NURSING AND CARE: VALUE. Nursing and attendance is a proper element of damages in a personal injury action, and where the service is unskilled the jury is competent to determine its value without proof thereof.

**Same:** EXCESSIVE VERDICT. Where the plaintiff, a woman, injured by a defective sidewalk was confined to her bed for sometime, requiring medical attendance and nursing and care from members of her family and relatives, and at the time of the trial her condition was such that medical attention would be required in the future, a verdict for $650 was not excessive.

*Appeal from Boone District Court.*—HON. C. G. LEE, Judge.

TUESDAY, JUNE 1, 1909.

SUIT to recover damages for a personal injury sustained by a fall on a sidewalk in the defendant city. There was a verdict and judgment for the plaintiff, from which the defendant appeals.—*Affirmed.*

*J. L. Stevens* and *H. E. Fry,* for appellant.

*Harpel, Creighton & Cederquist,* for appellee.

Sherwin, J.—The plaintiff's wife was seriously injured by a fall on a sidewalk within the defendant city. There is no question as to the defendant's negligence, or as to the sufficiency of the evidence to support a finding for the plaintiff.. The errors relied upon for a reversal relate solely to the instructions given by the trial court and to the refusal of the trial court to give an instruction asked by the defendant.

The appellant's principal contention for a reversal is based upon the court's refusal to give its request No. 9, which is as follows: "You are instructed that, if the said Sarah L. Scurlock had previous knowledge of the alleged defect in the said sidewalk, it was her duty to keep it in mind and look for it, unless there was something sufficient to divert her attention, and, if she failed to keep it in mind and look for it, she is guilty of negligence, and the plaintiff can not recover unless you find that the said Sarah L. Scurlock would have met with the accident had she kept the said defect in mind, and used reasonable care to avoid the alleged injury."

In support of its contention for error in refusing to give the above instruction, the appellant says that, where a person has knowledge of the dangerous condition of a

1. Municipal Corporations: sidewalk accident: contributory negligence: instructions.

sidewalk, it is his duty to keep such danger in mind, and, if in passing over said dangerous place he fails to keep it in mind and look for it, he is guilty of contributory negligence, and, further, that the injured party is guilty of contributory negligence unless he furnishes a reasonable excuse for forgetting the defect. There are several sufficient reasons why the refusal to give the instruction under consideration was not error. In the first place, the testimony without conflict showed that Mrs. Scurlock was injured by being tripped by a loose plank in the walk in question. At the time of the accident she was passing along the sidewalk with a young grandson. They were

walking side by side, and it is shown without contradiction that he stepped upon the end of a sound plank that was in its place in the walk, and that it flew up and tripped his grandmother, causing the injury complained of; and, while it is true that the record shows the bad condition of the sidewalk for some distance each side of the point of the injury, there is no evidence tending to show that this particular plank had been loose before the time of the accident. The grandson who was with Mrs. Scurlock testified that the plank that tripped his grandmother was sound, and that it was in place as they approached it, and that there was nothing in its appearance or in the appearance of the walk at that particular point to call their attention to the fact that the plank was loose. In addition to this, Mrs. Scurlock testified that she had been over the walk but two or three times before she received the injury complained of, and that she did not know that the plank that tripped her was loose, or that the sidewalk was in a generally defective and dangerous condition. The instruction asked was therefore based upon facts which did not appear in the record because there is no evidence that Mrs. Scurlock had previous knowledge of the "alleged defect in the said sidewalk," nor was there any evidence tending to show that her attention was diverted from the walk at that time and place. She was not bound to keep in mind a defect which she had never heard of and had no knowledge of. The testimony of other witnesses as to the generally bad condition of the walk along there would not change this rule because the evidence shows that Mrs. Scurlock had passed over the known bad condition; that is, the place where the planks were out of place which of course clearly showed defects. Furthermore, the injury in question was received in the latter part of February, when the ground was frozen, and defective sidewalks could not be as easily discovered as at other times of the year.

But, had the request been founded upon the record,

we think there would have been no error in refusing it because of the instructions given by the trial court on its own motion. Several instructions were given which directly called the jury's attention to the care necessary on the part of Mrs. Scurlock in passing over a walk which was known to be defective, and, without setting out the language in the several instructions on which we base this conclusion, we are satisfied from a careful examination of the entire charge that the jury could not have been further aided or the defendant's interests more carefully protected by giving the instruction asked. In *Kendall v. City of Albia,* 73 Iowa, 241, and in *Barce v. City of Shenandoah,* 106 Iowa, 426, the principal cases upon which the appellant relies in support of its claim that the instruction should have been given, the facts were entirely different from the facts in this case. In both of these cases the record showed without any conflict that the injured parties had absolute knowledge of the particular defect causing the injury. The cited cases are therefore not controlling.

**2. Same.**

In its tenth instruction, which is criticised by the appellant, the court told the jury that: "If the sidewalk in question was defective and in a dangerous condition for use in public travel, and the defendant knew of such defect, or in the exercise of ordinary care should have known of such condition, it was the duty of the defendant to barricade or otherwise close said sidewalk to public travel until it had placed the same in reasonably safe condition for the same. So long as the sidewalk remained open to the public, there was an implied invitation to the said Sarah L. Scurlock to use the same, and she had the right, in the absence of knowledge or information that the sidewalk was defective at the place where the plaintiff alleges that she sustained her injuries, to assume that the defendant city had exercised ordinary care in keeping the same in reasonably safe condition."

**3. Same.**

Following the quotation that we have made from instruction ten, the court proceeded to instruct the jury further on the question of Mrs. Scurlock's contributory negligence, and an examination of the entire instruction will leave no doubt as to the application which should be made of that portion of the instruction complained of which is set out above. Whether it is the duty of a city to barricade a defective street or sidewalk under certain conditions we need not now determine, for the instruction under consideration made that statement in connection with the further statement bearing upon contributory negligence that there was an implied invitation on the part of the city to use the walk because. of its unbarricaded condition. It is well settled that the mere knowledge of the general unsafe condition of an unbarricaded defective street or walk is not in itself sufficient to establish contributory negligence on the part of one who has the right to use such street or walk. So long as the streets remain unbarricaded and open to public travel, there is an implied invitation for their use, and a person using them under such conditions is not guilty of contributory negligence, unless he has knowledge of the dangers incident to the proper use thereof. *Hoover v. Town of Mapleton,* 110 Iowa, 571; *Cox v. City of Des Moines,* 111 Iowa, 647; *Templin v. City of Boone,* 127 Iowa, 94. Moreover, there was no question in this case as to the negligence of the defendant, and, even if it were to be held that the part of instruction ten which is criticised was erroneous, it would be error without prejudice.

As we have heretofore said, the plaintiff's wife was seriously injured by the accident in question. She was confined to her bed for some time, and it became necessary to have the attendance of physicians, and she needed and received nursing and care and attendance from the members of her immediate family and from near relatives. The evidence

4. PERSONAL INJURY: damages: medical attendance.

showed the value of the medical attendance which had been rendered her and showed nursing and care and attendance which she had received from the members of her family and relatives, but there was no evidence as to the value of such nursing and attendance. The court instructed that the plaintiff would be entitled to recover such reasonable amounts, not exceeding the amount claimed in the petition, as will compensate him for damages suffered by reason of expenses incurred for medical service for his wife, damage for furnishing nursing for her and such damages, "if any, as it is reasonably certain he will incur in the future for medical services on account of said injuries." The complaint of this instruction is based on the grounds that there was no evidence as to the value of the nursing, and no evidence as to the value of future medical attendance. The evidence showed that the condition of Mrs. Scurlock's health at the time of the trial was such as to warrant the jury in finding that medical services for the injuries would be required in the future; and, while there was no evidence as to the probable extent of such services or as to the amount which might have to be expended therefor, the jury might determine from the services which at that time had been required and the value thereof what might reasonably be expected in the future. Had Mrs. Scurlock received the care and attention of a professional or trained nurse whose compensation was fixed by usage, it is quite likely that evidence would be necessary to show the value thereof, but in personal injury cases, where the nursing and attendance are furnished by the members of the injured one's family, it is the general holding that the jury may determine from its own knowledge of such matters what amount should be allowed as reasonable compensation for such service.

This court has held in several cases that such nursing and attendance is a proper element of damages in these cases. *Varnham v. City of Council Bluffs,* 52 Iowa, 698;

*Beringer v. Dubuque Street Ry. Co.,* 118 Iowa, 139;
*Lampman v. Bruning,* 120 Iowa, 171. It has
also been held that the value of the services
of the members of the family or others ren-
dered in the usual way—in other words the value of the
services of unskilled nurses—is a matter of common knowl-
edge, and that a jury of average intelligence is as well
able to determine the matter without proof as with it.
*Lampman v. Bruning, supra; Flanagan v. Railway Co.,*
83 Iowa, 639; *Scullane v. Kellogg,* 169 Mass. 544 (48 N.
E. 622); *Styles v. Village of Decatur,* 131 Mich. 443
(91 N. W. 624); *Murray v. Railway Co.,* 101 Mo. 236
(13 S. W. 817, 20 Am. St. Rep. 601); 4 Sutherland on
Damages, section 1250.

5. SAME:
nursing and
care: value.

The jury awarded the plaintiff $650, and the appel-
lant states, rather than argues, that the evidence does not
warrant so large an amount. It is sufficient
for us to say that we are fully satisfied that
the verdict is a very moderate one for the
loss sustained by the plaintiff.

6. SAME:
excessive
verdict.

We find nothing in the record which would justify a
reversal of the judgment, and it is therefore *affirmed.*