JOHN CLARK, Appellee, v. BERRY SEED COMPANY, Appellant.

No. 44241.

JUNE 21, 1938.

Calvin, Vandeventer & Kimbrell and Ferguson & Ferguson, for appellee.

Stipe, Davidson & Davidson and W. B. Cozad, for appellant.

MILLER, J.—For some period of time prior to January 9, 1936, plaintiff-appellee was in the employment of the Bell Transfer Company, and on said date was engaged in operating a freight truck on a regular run between Kansas City and Des Moines, over highway No. 69. On said date he was operating what is known as a tractor-trailer truck, consisting of a Chevro-

let truck with trailer attached thereto by what is known as a "fifth wheel". On the evening of January 8, 1936, appellee left Des Moines with a pay load of 16,000 pounds, and started for Kansas City. Finding the pavement in southern Iowa icy and slick, appellee, at the town of Lamoni, Iowa, put chains on the rear wheels of the tractor and proceeded southward. At a point about two miles north of Bethany, Missouri, there is an S curve in said highway, and while driving southward on this S curve the tractor-trailer truck operated by appellee collided with a similar tractor-trailer truck belonging to defendant-appellant, which was proceeding northward on said highway, and being operated by one John McLean. As a result of such collision appellee suffered injuries out of which this litigation arose. Trial was had in the district court, and a verdict returned in appellee's favor, following which appellant filed exceptions to instructions and motion for new trial, which were overruled, and appellant now appeals to this court.

In view of the fact that the collision in question occurred in the state of Missouri, the case was tried under the statutes of that state relative to the use of motor vehicles upon the public highways therein.

In accordance with the provisions of said statutes, appellee plead that the operator of appellant's truck was negligent in the following particulars: (1) that he failed to drive said truck in a careful and prudent manner, to exercise the highest degree of care, and to drive the same at a rate of speed so as not to endanger the property of another, or the life or limb of any person; (2) that he failed to keep the same as close to the right-hand side of the highway as was practical; and (3) that he failed to turn appellant's truck to the right of the center of the highway so it might pass the tractor appellee was driving, without interference; which three specifications of negligence were submitted to the jury.

■ I. At the close of appellee's testimony appellant made a motion for directed verdict in its favor upon the ground that the physical facts and the testimony conclusively established that both trucks were on the east side of the highway; or the right-hand side for appellant's truck as it was proceeding northward, and on the left-hand side for the truck being operated by appellee, at the time of the collision. This motion was overruled by the trial court; was again renewed at the close of all the

testimony, and again overruled. In appellant's motion for new trial it is contended that the court erred in overruling said motion; for the reason that the physical facts developed during the trial definitely established that its truck 'was on its right-hand side of the center of the highway, and that the truck being operated by appellee was on its left side of the center of the highway at the time of the collision; and that said record established conclusively that appellee was guilty of contributory negligence therein as a matter of law. It is to be observed therefrom that the only contention of appellant in the court below, both in its motion for directed verdict and its motion for new trial, is that the physical facts conclusively establish that the truck of appellant was at the time of the collision on its right-hand side of the center of the highway, and that the truck being operated by appellee was at said time on appellee's left-hand side of the center of the highway. Appellant, however, in its appeal, contends not only that the court erred in overruling its motion for directed verdict and its motion for new trial upon that ground, but also upon the additional grounds: (1) that there was not sufficient direct evidence tending to show that the operator of appellant's truck failed to drive the same in a careful and prudent manner, or to exercise the highest degree of care, or to drive the same at a rate of speed so as not to endanger the property of another, or the life or limb of any person; and (2) that the evidence likewise established conclusively as a matter of law that appellee was guilty of contributory negligence in that at the time and just prior to the collision he did not have his truck under control, which negligence contributed to the accident. However, a critical examination of the record reveals that neither in its motion for directed verdict, nor in its motion for new trial, did appellant make either of the contentions above enumerated as Nos. 1 and 2. For that reason, in determining whether or not the trial court erred in refusing to sustain appellant's motion for directed verdict, and motion for new trial, we are limited to a consideration of whether or not the evidence and physical facts establish conclusively that the collision took place east of the center of the highway.

The statutes of Missouri in so far as applicable, read as follows:

"Sec. 7777. Rules of the road and traffic regulations. Every

person operating or driving a vehicle upon the highways of this state shall observe and comply with the following rules of the road: * * *

"(b) All vehicles when in operation shall be kept as close to the right-hand side of the highway as practicable.

"(c) An operator or driver meeting another vehicle coming from the opposite direction on the same highway shall turn to the right of the center of the highway so as to pass without interference." Mo. St. Ann. § 7777 (b, c), p. 5213.

Naturally, if the physical facts and the evidence conclusively establish that the collision took place east of the center of the highway, the same would negative any claim of negligence upon the part of said John McLean as to the second and third specifications of negligence submitted to the jury, and would likewise establish contributory negligence on the part of appellee. A determination of this question requires an examination of the undisputed testimony and the testimony of appellee.

The record establishes without dispute that the collision resulted from sideswiping upon the S curve above referred to; that the highway was of cement construction, 18 feet in width; that hills ascended both to the south and the north from the point where the collision took place; that there was snow on the ground at this point; that the pavement was somewhat icy and slick; that just prior to the collision appellee was proceeding downgrade and driving on the inside of the curve, while appellant's truck was on the outside of said curve; that at the point of collision the east side of the curved pavement was lower than the west side; and that following the collision both trucks came to a stop east of the center line of the pavement mostly on the east dirt shoulder, with the truck being operated by appellee heading southeast, with its front portion in the ditch on the east side of the pavement.

Appellee testified that the center line of the highway was visible to him at all times; that as he entered the S curve in driving southward he observed the lights from appellant's truck as it came down the hill from the south for an eighth of a mile; that he slowed down to about 17 or 18 miles an hour; that he drove his truck on the extreme right-hand side of the highway approximately 12 inches to the right of the center line of the pavement, and continued to operate said truck in that position;

that the appellant's truck approached him at the rate of about 30 miles an hour; that the two trucks met at the time his trailer and tractor were on the inside of the curve; that a part of the appellant's truck had passed him when there was a crash right at the back of the left door of the cab of his truck, followed by another impact in just a matter of seconds, following which he was rendered unconscious. A photograph of the truck being operated by appellee reveals that the entire left side of the tractor portion of the truck was damaged.

Based upon the record as above set out, appellant contends that the physical facts conclusively establish as a matter of law that the collision did take place on the east side of the center of the pavement. Appellant contends that on account of the fact that the pavement was higher on the west side than on the east, with appellee driving downhill on the inside of a curve with a heavy load of freight, on an icy and snow covered pavement, that centrifugal force would tend to throw his truck to the eastward and over on to the east side of the center of the pavement. Appellant further contends that the coupling of this natural tendency with the admitted fact that the truck being operated by appellee came to a stop on the east side of the pavement, and the fact that the photograph referred to shows injuries and damages to said truck upon the entire left side thereof, particularly in front of the cab, results in conclusively establishing that the collision took place east of the center of the pavement. It is to be recalled that appellee testified that the first impact was immediately behind the door of the cab in which he was riding, and the fact that the photograph reveals damages to the left side of his truck in front of the cab might be construed as negativing this evidence of appellee. Appellant contends strenuously that, on account of the fact that the truck being operated by appellee was damaged on its left side in front of the cab, the testimony of appellee to the effect that the first point of collision was immediately behind the door of his cab is absolutely refuted. In this connection it is to be recalled that after two impacts testified to by appellee he was rendered unconscious, and of course would not be cognizant of anything that happened after that time. As will likewise be recalled, the truck and trailer being operated by him were connected by what is known as a "fifth wheel" of the swivel type. It is entirely possible that following an original contact immediately behind the cab,

that the same could have caused a jackknifing of the truck being operated by appellee thereby causing the front end thereof to come in contact with the rear end of the trailer portion of the truck of appellant.

In determining whether or not the contention of appellant that the physical facts establish conclusively that the collision took place east of the center of the highway, it is to be recalled that the testimony of appellee, if believed, establishes that the truck being operated by him was at all times west of the center of said highway. His testimony to the effect that he was at all times on his extreme right-hand side of the highway, if correct, must establish that the collision occurred on the west side of the center of the pavement. The fact that the pavement at the point of collision sloped to the east, that the same was to some extent covered with ice and snow, that appellee was driving downhill and that the centrifugal force would tend to pull his truck to the east, and the further fact that following the collision his truck was on the shoulder at the east side of the pavement, does not, in our opinion, conclusively rebut the testimony of appellee to the effect that he was at all times west of the center of the pavement.

Proof of physical facts and circumstances can never be construed to establish a certain conclusion, as a matter of law, unless it can be said that such physical facts and circumstances lead to but that one conclusion, to the exclusion of all others. We are satisfied, under the record herein, that the physical facts and circumstances cannot be said to lead to but the one conclusion, that the collision actually took place on the east side of the pavement. As the result thereof it follows that the action of the trial court in overruling the motion for directed verdict and in refusing to grant a new trial therefore was proper.

■ II. The trial court in instructing the jury as to the measure of damages, in the event of recovery by appellee, gave the following instruction:

"If you find that such injuries are of a permanent nature and that the plaintiff will suffer pain and anguish in the future by reason thereof, and be rendered a cripple in the future, then such further sum, as, in your judgment will fairly compensate him for any pain and anguish, and for being a cripple, which

the evidence shows will be reasonably certain to be endured by him in the future, by reason of such injuries.''

Appellant claims that the giving of such instruction was erroneous for the reason that the evidence as to appellee being a cripple was not reasonably certain; that said instruction authorized the recovery of damages by appellee for being rendered forever a cripple, where neither the pleadings nor proof sustained the same; and for the further reason that the language used therein misled the jury to erroneously assume that the evidence established that appellee would forever be a cripple. The contention of appellant that the pleadings did not warrant the submission thereof is without merit, as the petition affirmatively alleged that as a result of the injuries sustained by appellee in said collision he had been made and rendered a cripple for the remainder of his life. An examination of the testimony as to appellee's injuries reveals that following the collision in question he has submitted to seven different operations, and was treated for his injuries sustained therein by Doctors Torson and Hess of Kansas City, Missouri.

Dr. Torson testified that appellee had a dislocation of the left hip, a fractured pelvic bone, another crushed, some of the pieces being turned over and upside down, and that the tibia and fibula were crushed at about the center of both bones. He also testified that a bone was taken from appellee's right leg and transplanted into the left leg over the fractured area; that they had not been successful in procuring a union of the fractured bones; that appellee was wearing a cast, that the same was necessary, and that the outcome as to whether or not the bones would unite was doubtful. Dr. Hess testified that if they were unable to procure a union an amputation would probably be the ultimate result, altho he testified that he had some cases that he had been able to carry through with a brace, even tho the tibia was not united, but in that event he would always have to wear a brace to carry his weight. Dr. E. J. Gottsch of Shenandoah examined the appellee during trial and testified that at that time there was a very slight union of the fibula, but no union at all of the tibia, and likewise testified that appellee was bound to suffer some permanent disability. Appellee himself testified at the trial that he was unable to bear any weight at all on his left

foot, that his leg was then encased in a cast, and that he was unable to walk without crutches.

In view of this testimony, it is quite apparent that in all probability appellee will be a cripple for the remainder of his life, and in all probability be compelled to wear a brace on his left leg, or submit to an amputation. In view of that situation the court was certainly warranted in submitting to the jury the question of whether or not appellee would be rendered a cripple in the future on account of the injuries sustained by him in such collision.

The contention of appellant that the language used in this instruction would cause a jury to assume that the evidence established that appellee would forever be a cripple, is, in our opinion, without merit. It is to be observed by a reading thereof that the court does not so instruct the jury, but states: "if you find * * * that the plaintiff will * * * be rendered a cripple in the future, then such further sum, as in your judgment will fairly compensate him * * * for being a cripple * * *." It is apparent from the reading of this instruction that the court specifically left the determination of whether or not appellee would be a cripple for the jury.

III. Dr. Torson testified that the reasonable value of the services performed by him for appellee was the sum of $500, and Dr. Hess testified that the reasonable value of the services performed by him for appellee was the sum of $829. Appellant moved to strike the testimony of both of said witnesses as to the value of their services on the ground they were performed at the instance and request of the Bell Transfer Company, for an employe of the Bell Transfer Company, and that the said witnesses expected to be paid for said services by the Bell Transfer Company, and not by appellee. These motions of appellant were overruled by the trial court when made. The court in instructing as to the measure of damages, in the event of recovery by appellee, instructed the jury that they should return a verdict for the reasonable value of such medical and surgical services as were rendered reasonably necessary to be incurred by appellee by reason of such negligence upon the part of the operator of the truck of appellant, but not exceeding the sum of $1,250 therefor. Appellant likewise excepted to this instruction upon the same ground, that the evidence established that Drs. Torson and Hess were employed by the Bell Transfer Company to

render services for appellee, and that said doctors were expecting to receive their compensation from said company.

If it be conceded that the evidence does establish that these doctors were employed by the Bell Transfer Company, that there was no obligation on the part of appellee to pay for their services, and that the sole obligation to pay therefor was upon the Bell Transfer Company, we are yet unable to agree with appellant's contention that appellee is not entitled to recover therefor. It cannot be seriously questioned but that these services were necessary, and in view of the finding of the jury in appellee's favor, these services were required on account of the negligence of the operator of appellant's truck. The weight of authority is conclusive to the effect that a defendant owes to the injured compensation for injuries, the proximate cause of which was his own negligence, and that the payment by a third party cannot relieve him of this obligation; that regardless of the motive impelling their payment, whether from affection, philanthropy or contract, that the injured is the beneficiary of the bounty, and not the defendant who caused the injury. If, as contended, the Bell Transfer Company is obligated to pay for the services rendered by these doctors, the appellant has no equity or legal claim to share therein. The contention of appellant, if the same should be sustained, would result in its receiving the benefit of payments made by the Bell Transfer Company, either as the result of gratuity or of contract, for injuries sustained because of its own negligence. Varnham v. City of Council Bluffs, 52 Iowa 698, 3 N. W. 792; Yeager v. Spirit Lake, 115 Iowa 593, 88 N. W. 1095; Beringer v. Dubuque St. Ry. Co., 118 Iowa 135, 91 N. W. 931; Strand v. Grinnell Automobile Garage Co., 136 Iowa 68, 113 N. W. 488.

IV. The court instructed the jury upon the question of contributory negligence, as follows:

"It must next be shown by the evidence that the plaintiff did not in any way contribute to the injuries complained of by him by any negligence upon his part.

"It is a rule of law that one who is injured through the negligence of another cannot recover for the injuries occasioned thereby, if he, by any negligence upon his part contributed in any way or in any degree *directly* to the injuries of which he complains. And in this case, before the plaintiff can recover, he

must show that he did not, by any negligence upon his part, in any way or in any degree contribute *directly* to the injuries of which he complains.

"It was the duty of the plaintiff in driving the tractor and trailer he was driving, at the time and place in question, to drive the same in a careful and prudent manner, and exercise the highest degree of care, and at a rate of speed so as not to endanger the property or the life or limb of any person; to keep the vehicles he was driving as close to the right hand side of the highway as practicable; when meeting the truck driven by said John McLean to turn to the right of the center of the highway so as to pass him without interference; and in all other respects to be free from negligence; and if he was negligent in any of said respects, and the same contributed *directly* to the damages of which he complains, then he cannot recover." [Italics supplied.]

Appellant complains of the action of the trial court in using the word "directly" in said instruction, claiming that the court by using said word permitted the jury to find for appellee, even though they found negligence upon the part of appellee which contributed indirectly to his injuries, further claiming that as a result thereof it permitted the jury to speculate as to whether such negligence on the part of appellee was only the indirect cause of his injuries. This court, however, in Hoegh v. See, 215 Iowa 733, 246 N. W. 787, wherein a somewhat similar question was submitted, endeavored to formulate a model instruction on contributory negligence. The instruction used by the trial court in the instant case followed that model instruction and we are satisfied that the giving thereof was correct and without error.

V. Appellant in its brief and argument complains of the action of the trial court in submitting to the jury questions relative to loss of time on the part of appellee, loss of future earnings on the part of appellee, and hospital bills incurred by appellee. However, no exceptions were filed by appellant as to any of the instructions relative to those matters; likewise, no objection thereto was made in appellant's motion for new trial, and the claimed errors in regard to those matters are now being urged for the first time upon appeal. The law is well settled and requires no citation of authority that errors not urged before the trial court cannot be considered by this court upon appeal.

Finding no error in the record before us, it follows that the judgment of the trial court must be and the same is hereby affirmed.—Affirmed.

STIGER, C. J., and all Justices concur.