Jerry NIEMAN; Marian Nieman; and Marie Nieman and Joel Nieman by Their Mother and Next Friend, Marian Nieman, Appellees,

v.

The HEIL CO., Appellant.

No. 90–986.

Supreme Court of Iowa.

June 19, 1991.

Burns H. Davison II, Des Moines, for appellant.

Theodore R. Hoglan of Fairall, Fairall, Kaplan, Hoglan, Condon & Klaessy, Marshalltown, for appellees.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

PER CURIAM.

In May 1982 Jerry Nieman was injured when a trash compacting machine amputated a portion of his left foot. The injury occurred in the course of Nieman's employment.

Nieman initially filed a claim for workers' compensation benefits. His claim was settled for $46,086.66. As a part of the settlement, the employer and its insurance carrier waived any claims for subrogation in the event Nieman obtained damages from a third party. *See* Iowa Code § 85.22 (1981).

Nieman and his wife and children later filed the present lawsuit against the Heil Company, the manufacturer of the trash compacting machine. Due to the timing of the Nieman petition, the lawsuit was governed by the principles of pure comparative negligence announced in *Goetzman v. Wichern*, 327 N.W.2d 742 (Iowa 1982). Iowa Code chapter 668 did not apply to the case.

A jury assessed Nieman's total damages at $300,000 and his family's total consortium claims at $15,000. The jury also concluded that the Heil Company was twenty percent at fault while Nieman was eighty percent at fault. However, even though Nieman was assigned a higher percentage of fault than Heil, he was still entitled to recover twenty percent of his total damages ($60,000) from Heil under the *Goetzman* principles. We note parenthetically that under Iowa Code chapter 668 a similar verdict would no longer result in any judgment for a plaintiff situated as Jerry Nieman was here. *See* Iowa Code § 668.3(1).

Before the district court actually entered judgment, Heil applied for a prejudgment credit in the amount of the workers' compensation payment noted above. The district court denied this application and entered a judgment awarding $60,000 to Jerry Nieman and loss of consortium damages to his wife and children. Heil has appealed from that judgment, challenging only the denial of a prejudgment credit.

We agree with the district court that Heil was not entitled to a prejudgment credit in the amount of Nieman's workers' compensation recovery. Payments to an injured plaintiff from a collateral source do not ordinarily reduce the amount otherwise owed by a defendant whose negligence proximately caused the injury. *See, e.g., Stewart v. Madison*, 278 N.W.2d 284, 294 (Iowa 1979); *Clark v. Berry Seed Co.*, 225 Iowa 262, 271, 280 N.W. 505, 510 (1938).

In workers' compensation cases, there is a firm statutory foundation for applying this principle. Our workers' compensation statutes expressly preserve the right of an employee to bring an action against third parties who are legally responsible for injuries resulting in payment of workers' compensation. Iowa Code § 85.22 (1989). In regard to such actions, section 85.22(1) provides that the employer or the employer's insurer, who has made compensation payments, shall have a lien on the claim and shall be indemnified out of the recovery of damages. The employer's right to a lien and to indemnification from an award of damages against a third party presupposes the claimant's right to recover those elements of damage for which workers' compensation has already been paid. *See Johnson v. Harlan Community School Dist.*, 427 N.W.2d 460, 462–63 (Iowa 1988).

The district court's judgment is affirmed.

AFFIRMED.