989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Glen NEINER, Plaintiff/Appellee,
v.
James Allen YOUNG and Hager City Express Company,
Defendants/Appellants,
v.
Josephine F. Johnson, Third-Party Defendant/Appellee.
 No. 92-2563.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 19, 1993.
Filed: March 29, 1993.
 
 Before FAGG, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a diversity case that involves an Iowa two-vehicle accident. A jury found James Allen Young, who was driving the truck owned by Hager City Express Company (Hager), one hundred percent liable and awarded Glen Neiner, the owner of and passenger in the car that Young rear ended, damages for his personal injuries and his property damage suffered in the accident. The district court[1] denied Young and Hager's posttrial motion for collateral source reduction, remittitur of damages, or in the alternative a new trial. The appellants argue, among other things, that the district court erred in choosing to apply Iowa law and in refusing to reduce the jury's damages award by the amount of money that Neiner received from his own medical and property insurance carriers. We affirm.
 
 
 2
 This court reviews de novo questions of state law. Salve Regina College v. Russell, 111 S. Ct. 1217, 1221 (1991). Therefore, we must independently review the collateral source rule under Iowa law. The Iowa common law collateral source rule states that "a tortfeasor's obligation to make restitution for an injury he or she caused is undiminished by any compensation received by the injured party from a collateral source." Loftsgard v. Dorrian, 476 N.W.2d 730, 735 (Iowa App. 1991); see also Nieman v. The Heil Co., 471 N.W.2d 790, 791 (Iowa 1991). However, the Iowa comparative fault statute has partially abrogated the Iowa common law rule with regard to losses incurred for personal injuries. Iowa Code § 668.14(1) (West 1987) permits the defendant to argue and to introduce evidence of the fact that the plaintiff has previously received payments or is entitled to receive future payments for medical costs from the plaintiff's own insurer or other collateral sources. If this evidence is introduced at trial, the plaintiff is then permitted to argue and to introduce evidence regarding the cost of obtaining the insurance, as well as any existing rights of indemnification or of subrogation relating to the previous payments or to the future right of payments. See Iowa Code § 668.14(2). Because the plain language of § 668.14 applies only to personal injury claims, the Iowa common law collateral source rule regarding property damage is unaffected by the Iowa statute.
 
 
 3
 After thoroughly reviewing the record, the choice of law conflict rules, and the applicable Iowa law, we conclude that the district court properly chose to apply Iowa law and properly denied the appellant's posttrial motion requesting a reduction in damages regarding the payments that Neiner received for property damage as well as for medical costs from collateral sources. Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable Robert G. Renner, United States District Judge for the District of Minnesota