Leanna **COLLINS**, Appellant,

v.

**Jerry M. KING and Ben Cunningham d/b/a B & M Automotive Sales,** Appellees.

No. 95–31.

Supreme Court of Iowa.

March 20, 1996.

C.A. Frerichs, Waterloo, for appellant.

James F. Kalkhoff of Dutton, Braun, Staack, Hellman & Iversen, P.L.C., Waterloo, for appellees.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL, and TERNUS, JJ.

SNELL, Justice.

This appeal comes after a jury awarded plaintiff damages for personal injuries that were reduced by the court by the amount she had received in disability income payments. We reverse and remand for entry of an additur to the judgment amount.

## I. Factual and Procedural Background

Plaintiff, Leanna Collins, worked for Home Shopping Network (HSN) as a packer. She was injured in a car accident, sued defendants for negligence, and obtained a jury verdict awarding damages. While off work, she received disability payments of $5,055.56 from HSN. No subrogation rights attached to these payments. The trial court instructed the jury and reduced plaintiff's judgment after the verdict by the amount of disability income payments. This was based on the court's belief that our comparative fault act, Iowa Code chapter 668, and specifically Iowa Code section 668.14 (1991), commanded this result.

Section 668.14(1) states:

> In an action brought pursuant to this chapter seeking damages for personal injury, the court shall permit evidence and argument as to the previous payment or future right of payment of actual economic losses incurred or to be incurred as a result of the personal injury for necessary medical care, rehabilitation services, and custodial care except to the extent that the previous payment or future right of payment is pursuant to a state or federal program or from assets of the claimant or the members of the claimant's immediate family.

The words of this section to be construed are "previous payment or future right of payment of actual economic losses incurred or to be incurred as a result of the personal injury for necessary medical care, rehabilitation services, and custodial care...." The trial court held that "disability payments" are embraced by the language "medical care, rehabilitation services and custodial care."

■ In support of this interpretation the court and defendants believe that the legislature by enacting section 668.14 intended a virtual abrogation or at least a broad scale limitation of the collateral source rule for unintended torts. That rule of common law states that a plaintiff's recovery of damages against a tort defendant are not reduced by sums the plaintiff has received or will receive from another source (a collateral source). *See Groesbeck v. Napier,* 275 N.W.2d 388, 391–92 (Iowa 1979); *Rigby v. Eastman,* 217 N.W.2d 604, 609 (Iowa 1974); 22 Am.Jur.2d *Damages* § 566 (1988). The disability income payments here are from a collateral source, *i.e.* HSN.

One effect of the common law collateral source rule is that in cases where the plaintiff receives collateral benefits which are not paid subject to a right of subrogation in the payor, and also is compensated for the same injuries from a tort suit against the defendant, the plaintiff receives duplicate damages to the extent that the collateral benefits and tort recovery overlap. This is commonly known as "double dipping" and is thought by

tort defendants to unfairly overcompensate the plaintiff. Claire F. Carlson, *Fairness in Litigation or Equity for All*, 36 Drake L.Rev. 713, 719 (1987). The counterargument is that to allow collateral benefits to reduce the tort recovery would relieve the defendant of the consequences of tortious conduct. *Clark v. Berry Seed Co.*, 225 Iowa 262, 271, 280 N.W. 505, 510 (1938). As between the plaintiff and the tortfeasor, the common law deems it more just that the plaintiff profit from collateral benefits. *See id.*; 22 Am.Jur.2d *Damages* § 566 (1988).

In construing the statute the trial court reasoned "I can't conceive of any reason why an employer would pay sick pay or disability except for medical or rehabilitative reasons." Defendants add that if the disability payments are used for a plaintiff's living expenses while away from work, then the benefits are used for custodial care. Thus, a broad or liberal construction of the statute is sought by defendants in order to prevent the double payments allowed by the collateral source rule. As such, evidence of collateral source payments would be admissible to a jury, as was done in this case.

## II. Statutory Construction

■ Our scope of review in this case is on error. *State v. Azneer*, 526 N.W.2d 298, 299 (Iowa 1995). In interpreting a statute we necessarily begin with the statute's language. *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 300–301, 109 S.Ct. 1814, 1817, 104 L.Ed.2d 318, 326 (1989). Unless the contrary appears, statutory words are presumed to be used in their ordinary and usual sense and with the meaning commonly attributed to them. *State v. Ahitow*, 544 N.W.2d 270, 272 (Iowa 1996); *Schafer v. Cocklin*, 504 N.W.2d 454, 455 (Iowa 1993). Words of the statute are given their plain and ordinary meaning, absent legislative definition or particular and appropriate meaning in the law. *Ahitow*, 544 N.W.2d at 272; *State v. Simmons*, 500 N.W.2d 58, 59 (Iowa 1993).

■ Applying these rules it is clear that "disability payments" come from a source separate and distinct from "medical care, rehabilitation services or custodial care." No definition of these words has been cited that would include disability payments. We have also long accepted the maxim that express mention of one thing in a statute implies exclusion of others. *Lacina v. Maxwell*, 501 N.W.2d 531, 533 (Iowa 1993); *In re Estate of Mills*, 374 N.W.2d 675, 677 (Iowa 1985); *In re Estate of Wilson*, 202 N.W.2d 41, 44 (Iowa 1972). Application of this statutory rule clearly implies that the legislature was not including "loss of earnings," which is what disability income payments are for, in the statute when it specifically mentioned economic losses for "necessary medical care, rehabilitation services, and custodial care" as being statutorily excepted from the Iowa collateral source rule.

■ Moreover, statutes will not be construed as taking away common law rights existing at the time of enactment unless that result is "imperatively" required by the language of the statute. *Kapadia v. Preferred Risk Mut. Ins. Co.*, 418 N.W.2d 848, 851 (Iowa 1988); *Ford v. Venard*, 340 N.W.2d 270, 273 (Iowa 1983); *Pearson v. Robinson*, 318 N.W.2d 188, 191 (Iowa 1982). Short of an imperative, there is very little in the statutory language to support defendant's argument.

## III. Conclusion

We hold that Iowa Code section 668.14 does not apply to disability income payments erroneously deducted.

This case is reversed and remanded to the district court for correction of the judgment by entry of an additur for disability income payments received by plaintiff.

**REVERSED AND REMANDED.**